**LOUISIANA INSURANCE COMPANY *vs.* GORDON ET AL.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a stockholder sells his stock subscribed in his name, to another, and the institution does no act releasing him from his obligation, he will be bound to pay up the instalments as called for by the directors.

The plaintiffs allege, that Martin Gordon lately was, or is now, owner of twenty-eight shares of stock, of one thousand dollars each, in their company, of which one-tenth was paid in at the time of subscribing. Since then, two instalments, of one-tenth each of the capital stock of said company has

been called for by the directors.   That the defendant refuses <span>EASTERN DIST.</span>
to pay said instalments, alleging that he has sold said stock <span>*April*, 1835.</span>
to E. E. Parker, who in like manner declines paying.   They <span>LA. INS. CO.</span>
pray that Gordon & Parker be condemned to pay said <span>*vs.*</span> <span>GORDON ET AL.</span>
instalments, amounting to five thousand six hundred dollars,
with interest and costs.

Gordon pleaded a general denial; and that long before
said instalments were called for he had sold his stock in said
company at auction, and with the knowledge and consent of
the plaintiffs transferred it to E. E. Parker, the purchaser,
whereby he ceased to be any longer a stockholder.   He avers
that consequently he is entitled to have the mortgage, which
he gave as his security for this stock, cancelled and erased.

Parker pleaded a general denial.

The evidence showed that "at a meeting of the board of
directors of the Louisiana Insurance Office, on the 13th of
October, 1834, it was resolved, that an instalment of ten per
cent. on the capital stock be called in ; one-half on the 1st
and the other half on the 15th November following; and
that an additional instalment of ten per cent. be called at
such times as the directors may determine."   This resolution
was notified to all the stockholders, of whom Mr. Gordon was
then one for twenty-eight shares.   On the 21st of October,
Mr. Gordon sold his stock at public auction ; sixteen shares
at six dollars, and twelve shares at two dollars per share,
when E. E. Parker became the purchaser.   These shares
were secured by mortgage.   On the 22d October, the stock
in question was transferred to E. E. Parker, the purchaser, on
the books of the company by the attorney, in fact, of Martin
Gordon.

On the 3d of December following, the other instalment was
called for, in pursuance of the resolution of the 13th October
preceding.

This suit was instituted in December, 1834.

The cause, on these pleadings and evidence, was submitted
to the court.   The district judge rendered judgment in favor
of the plaintiffs against Gordon, reserving to him, his rights
against Parker.   Gordon appealed.

EASTERN DIST.
*April,* 1835.

*Strawbridge,* for the plaintiffs.

LA. INS. CO.
*vs.*
GORDON ET AL.

*Lockett,* for the appellant Gordon, contended that as Gordon sold out his stock before the instalments were payable, the plaintiffs should look to his vendee for payment.

2. After the sale and purchase, Gordon went to the office, and with the knowledge of the plaintiffs, transferred his stock on their books, to which they made no opposition or objection.

3. The judgment appealed from, is at all events erroneous, in not condemning Parker to pay the amount sued for, and not Gordon.

4. If Gordon be liable, judgment should have been rendered against Parker, in Gordon's favor, so that he may have the money refunded.

5. But it is contended that the judgment against Gordon is erroneous, and should be reversed ; and that he have his mortgage erased and cancelled.

*Preston,* for Parker, argued to show that the latter was in no way liable as he never accepted the sale or transfer of the stock, as he ascertained the company had sunk its entire capital stock paid in.   This fact he was not apprised of at the auction.

2. Gordon has not called Parker in warranty, as he might have done ; who is consequently bound to set up the defence which he has, against his vendor.

Where a stock-
holder sells his
stock, subscrib-
ed in his name,
to another, and
the    institution
does no act re-
leasing him from
his obligations,
he will be bound
to pay up the in-
stalments as cal-
led for by the
directors.

*Mathews, J.,* delivered the opinion of the court.

This suit is brought to compel the defendants to pay a certain per centage on the amount of stock subscribed by Gordon, to the institution, which was ordered by the board of directors of the company.   He resists the payment by alleging that he is not bound to fulfil the obligations arising from his contract of subscription, &c., in consequence of having previously sold and transferred his stock to the defendant, Parker.

The court below, considering that the plaintiffs had done no act, by which Gordon was released from his obligation,

condemned him to pay the amount claimed, reserving to him his right to pursue his vendee to recover from him. From this judgment, Gordon appealed.

The decision of the case depends mainly on the pleadings and matters of fact, and we are of opinion that the court below did not err in its conclusions, on these matters.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.